UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


UNITED STATES OF AMERICA,    )
        )
      Plaintiff,    )
        )
    vs.    )     Cause No. 1:05-cr-0045  (M/F)
        )
CATRINA BRIGHTWELL,    )
        )
      Defendant.    )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on May 6, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on April 25, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and  3583(e).  All proceedings were held May 13, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

 Ms. Brightwell appeared in person with her appointed counsel, Juval Scott.  The government appeared by Gayle Helart,  Assistant United States Attorney.   U. S. Parole and Probation appeared by Chris Dougherty,  U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C.  §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1.   Juval Scott, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Ms. Brightwell in regard to the pending Petition for Revocation of Supervised Release.

2.   A copy of the Petition for Revocation of Supervised Release was provided to Ms. Brightwell and her counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3.   Ms. Brightwell was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4.   Ms. Brightwell was advised she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.   Ms. Brightwell was advised she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6.   That if the preliminary hearing resulted in a finding of probable cause that Ms. Brightwell had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7. Ms. Scott stated that Ms. Brightwell would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition. Ms. Brightwell executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Ms. Brightwell, by counsel, stipulated that she committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not possess or use a computer or other related hardware or software during the time of supervised release, unless approved by the probation officer."** |
| | During a search of the offender's residence on December 17l 2010, an Apple iPad was located. This computer was in the offender's exclusive control as no other residents were living in the apartment. Information found on the computer indicates it as used by the offender for her personal and business matters. Additionally, the offender has access to several laptop computers at the office of La Azteca, a business incorporated by the offender, which she failed to disclose to the probation office. |
| 2 | **"The defendant shall not obtain employment with a position of fiduciary responsibility or have access to any personal identification information which could be used to conduct fraudulent activity."** |
| | The offender appears to be the president, CBO, and registered agent of multiple businesses that were not disclosed to the probation officer. La Azteca is a business listed by the Indiana Secretary of State as a for-profit corporation created on or about November 2, 2009, with Catrina Thompson listed as the CBO. Catrina Brightwell (aka Catrina Thompson) leased office space at 9465 Counselor's Row, Suite 200, Indianapolis, to run this business. She indicates she employs six people at this business, which is purported to provide various services such as filing paperwork for minority business |

certification, writing grant proposals for state funds, corporate bookkeeping, and preparation of documents of incorporation.

The Indiana Secretary of State lists additional businesses in which Catrina Brightwell has interest or involvement. Alliance Systems Corporation (Hopson Contracting Consulting Corporation) lists felon Terrence Hopson as president, and Catrina Brightwell is listed as registered agent and chief executive, with her current address at 7550 Bayview Club Drive listed as the corporate address. Hope Alliance Proactive Partner Encouragement Network (HAPPEN) is listed as a non-profit domestic corporation created on or about November 1, 2009, with the registered agent of Quarters Consulting, located at 973 N. Shadeland (a UPS mail box controlled by Catrina Brightwell), with Catrina Brightwell listed as president. Quarters Consulting Corporation was created on or about November 1, 2009, and lists Catrina Brightwell as president.

**3**      **"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer."**

During a search of the offender's residence on December 17, 2010, multiple credit and debit cards and bank account information were found for the defendant's various businesses. The bank statements for these cards indicate the offender has used them t purchase liquor, car washes, internet music, and numerous restaurant charges.

**4**      **"The defendant shall provide the probation officer access to any requested financial information."**

When confronted regarding the multiple businesses in which the offender has an interest, she admitted she receives monthly income of approximately $800-$1,000 per month, which she has failed to disclose on her monthly supervision reports. The offender failed to disclose any of the open bank accounts, income, or business interests on financial documents which she submitted to the probation office, purporting to provide full disclosure of her net worth and monthly income and expenses.

**5**      **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission by the probation officer."**

The offender has violated this condition numerous times since starting her term of supervision. Ms. Brightwell has had extended contact with a convicted felony, admitting she was living with Terrence Hopson (DOB: 8-23-71) despite being directed by this probation officer to have no contact with him. Mr. Hopson has a previous conviction for Dealing Cocaine. Ms. Brightwell lied to the probation officer regarding her contact with Mr. Hopson and also failed to disclose his residency in her home for several months during 2010. The offender has also entered into business arrangements with Mr. Hopson and continued contact with him, despite repeated directives from this officer.

On February 16, 2011, a police report was filed with the Indianapolis Metropolitan Police Department regarding a fraud case. The report indicates that on December 15, 2010, Catrina Brightwell and Terrence Hopson entered the Max Experience Store located at 6609 E. 82nd Street, Indianapolis, and opened a credit account with the business, purchasing approximately $17,000 worth of computer equipment. The store manager, Steve Sweeny, reported that Catrina Brightwell told him that the computer equipment was for her business, La Azteca. According to Indianapolis Metropolitan Police Detective Dennis Slinkard, Terrence Hopson opened the account with information from a business called Hopson Contracting. (Hopson Contracting is a business which lists Catrina Brightwell as the Chief Executive Officer.) Hopson failed to comply with the terms of payment, and he later provided a check to the business which was written on a closed bank account. On April 1, 2011, Det. Slinkard indicated his intent to file C-felony charges of Fraud on a Financial Institution against Hopson. As of that date, Det. Slinkard stated he was aware of possible involvement by Catrina Brightwell in this offense, but he did not have enough information to criminally charge her.

**6**      **"The defendant shall refrain from any unlawful use of a controlled substance."**

**7**      **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

**8**      **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

On August 20, 2010, the offender submitted a urine screen which tested positive for cocaine. She admitted smoking a K-2 or "spice" cigarette laced with cocaine to produce this positive result. The offender has not submitted a urine screen which has tested positive for illegal drugs since that date.

9          **"The defendant shall pay any restitution that is imposed and that remains unpaid at the commencement of the term of supervised release."**

The offender has three open restitution accounts for three separate docket numbers, which total $191,241.25. The offender was ordered to pay $300 per month for restitution in September 2010, in accordance with her reported financial status. The offender is currently $750 behind in her monthly payments.

The Court placed Ms. Brightwell under oath and directly inquired of Ms. Brightwell whether she admitted violations of the specifications of her supervised release set forth above. Ms. Brightwell stated that she admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1)      Ms. Brightwell has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2)      The most serious grade of violation committed by Ms. Brightwell constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3)      Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Ms. Brightwell is 12-18 months.

4)      The parties did not agree on the appropriate disposition of the case.

9. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Catrina Brightwell, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and Catrina Brightwell is sentenced to the custody of the Attorney General or his designee for a period of two years, with no supervised release to follow.

The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Ms. Brightwell stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Ms. Brightwell entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Catrina Brightwell's supervised release.

IT IS SO RECOMMENDED this 18th day of May, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Gayle Helart,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Juval Scott,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )
                                   )
          vs.                      )          Cause No. 1:05-cr-0045  (M/F)
                                   )
CATRINA BRIGHTWELL,                )
                                   )
                    Defendant.     )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered

by the Honorable Larry J. McKinney, Judge, on May 6, 2011, designating this Magistrate Judge to

conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed

with the Court on April 25, 2011, and to submit to Judge McKinney proposed Findings of Facts and

Recommendation for disposition under Title 18 U.S.C. §§3401(i) and  3583(e).  All proceedings

were held May 13, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

 Ms. Brightwell appeared in person with her appointed counsel, Juval Scott.  The government

appeared by Gayle Helart,  Assistant United States Attorney.   U. S. Parole and Probation appeared

by Chris Dougherty,  U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise
noted. *See,* Title 18 U.S.C.  §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1.    Juval Scott, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Ms. Brightwell in regard to the pending Petition for Revocation of Supervised Release.

2.    A copy of the Petition for Revocation of Supervised Release was provided to Ms. Brightwell and her counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3.    Ms. Brightwell was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4.    Ms. Brightwell was advised she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.    Ms. Brightwell was advised she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6.    That if the preliminary hearing resulted in a finding of probable cause that Ms. Brightwell had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7.  Ms. Scott stated that Ms. Brightwell would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition.  Ms. Brightwell executed a written waiver of the preliminary hearing, which was accepted by the Court.

8.  Ms. Brightwell, by counsel, stipulated that she committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not possess or use a computer or other related hardware or software during the time of supervised release, unless approved by the probation officer."** |
| | During a search of the offender's residence on December 17l 2010, an Apple iPad was located.  This computer was in the offender's exclusive control as no other residents were living in the apartment.  Information found on the computer indicates it as used by the offender  for her personal and business matters.  Additionally, the offender has access to several laptop computers at the office of La Azteca, a business incorporated by the offender, which she failed to disclose to the probation office. |
| 2 | **"The defendant shall not obtain employment with a position of fiduciary responsibility or have access to any personal identification information which could be used to conduct fraudulent activity."** |
| | The offender appears to be the president, CBO, and registered agent of multiple businesses that were not disclosed to the probation officer.  La Azteca is a business listed by the Indiana Secretary of State as a for-profit corporation created on or about November 2, 2009, with Catrina Thompson listed as the CBO.  Catrina Brightwell (aka Catrina Thompson) leased office space at 9465 Counselor's Row, Suite 200, Indianapolis, to run this business.  She indicates she employs six people at this business, which is purported to provide various services such as filing paperwork for minority business |

- 3 -

certification, writing grant proposals for state funds, corporate bookkeeping, and preparation of documents of incorporation.

The Indiana Secretary of State lists additional businesses in which Catrina Brightwell has interest or involvement. Alliance Systems Corporation (Hopson Contracting Consulting Corporation) lists felon Terrence Hopson as president, and Catrina Brightwell is listed as registered agent and chief executive, with her current address at 7550 Bayview Club Drive listed as the corporate address. Hope Alliance Proactive Partner Encouragement Network (HAPPEN) is listed as a non-profit domestic corporation created on or about November 1, 2009, with the registered agent of Quarters Consulting, located at 973 N. Shadeland (a UPS mail box controlled by Catrina Brightwell), with Catrina Brightwell listed as president. Quarters Consulting Corporation was created on or about November 1, 2009, and lists Catrina Brightwell as president.

**3**      **"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer."**

During a search of the offender's residence on December 17, 2010, multiple credit and debit cards and bank account information were found for the defendant's various businesses. The bank statements for these cards indicate the offender has used them t purchase liquor, car washes, internet music, and numerous restaurant charges.

**4**      **"The defendant shall provide the probation officer access to any requested financial information."**

When confronted regarding the multiple businesses in which the offender has an interest, she admitted she receives monthly income of approximately $800-$1,000 per month, which she has failed to disclose on her monthly supervision reports. The offender failed to disclose any of the open bank accounts, income, or business interests on financial documents which she submitted to the probation office, purporting to provide full disclosure of her net worth and monthly income and expenses.

**5**      **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission by the probation officer."**

The offender has violated this condition numerous times since starting her term of supervision. Ms. Brightwell has had extended contact with a convicted felony, admitting she was living with Terrence Hopson (DOB: 8-23-71) despite being directed by this probation officer to have no contact with him. Mr. Hopson has a previous conviction for Dealing Cocaine. Ms. Brightwell lied to the probation officer regarding her contact with Mr. Hopson and also failed to disclose his residency in her home for several months during 2010. The offender has also entered into business arrangements with Mr. Hopson and continued contact with him, despite repeated directives from this officer.

On February 16, 2011, a police report was filed with the Indianapolis Metropolitan Police Department regarding a fraud case. The report indicates that on December 15, 2010, Catrina Brightwell and Terrence Hopson entered the Max Experience Store located at 6609 E. 82nd Street, Indianapolis, and opened a credit account with the business, purchasing approximately $17,000 worth of computer equipment. The store manager, Steve Sweeny, reported that Catrina Brightwell told him that the computer equipment was for her business, La Azteca. According to Indianapolis Metropolitan Police Detective Dennis Slinkard, Terrence Hopson opened the account with information from a business called Hopson Contracting. (Hopson Contracting is a business which lists Catrina Brightwell as the Chief Executive Officer.) Hopson failed to comply with the terms of payment, and he later provided a check to the business which was written on a closed bank account. On April 1, 2011, Det. Slinkard indicated his intent to file C-felony charges of Fraud on a Financial Institution against Hopson. As of that date, Det. Slinkard stated he was aware of possible involvement by Catrina Brightwell in this offense, but he did not have enough information to criminally charge her.

6        **"The defendant shall refrain from any unlawful use of a controlled substance."**

7        **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

8        **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

On August 20, 2010, the offender submitted a urine screen which tested positive for cocaine. She admitted smoking a K-2 or "spice" cigarette laced with cocaine to produce this positive result. The offender has not submitted a urine screen which has tested positive for illegal drugs since that date.

9    **"The defendant shall pay any restitution that is imposed and that remains unpaid at the commencement of the term of supervised release."**

The offender has three open restitution accounts for three separate docket numbers, which total $191,241.25. The offender was ordered to pay $300 per month for restitution in September 2010, in accordance with her reported financial status. The offender is currently $750 behind in her monthly payments.

The Court placed Ms. Brightwell under oath and directly inquired of Ms. Brightwell whether she admitted violations of the specifications of her supervised release set forth above. Ms. Brightwell stated that she admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1)    Ms. Brightwell has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2)    The most serious grade of violation committed by Ms. Brightwell constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3)    Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Ms. Brightwell is 12-18 months.

4)    The parties did not agree on the appropriate disposition of the case.

9. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Catrina Brightwell, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and Catrina Brightwell is sentenced to the custody of the Attorney General or his designee for a period of two years, with no supervised release to follow.

The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Ms. Brightwell stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Ms. Brightwell entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above

recommendation revoking Catrina Brightwell's supervised release.

IT IS SO RECOMMENDED this 18th day of May, 2011.


_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Gayle Helart,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Juval Scott,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


UNITED STATES OF AMERICA,    )
        )
        Plaintiff,    )
        )
    vs.    )    Cause No. 1:05-cr-0045  (M/F)
        )
CATRINA BRIGHTWELL,    )
        )
        Defendant.    )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered

by the Honorable Larry J. McKinney, Judge, on May 6, 2011, designating this Magistrate Judge to

conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed

with the Court on April 25, 2011, and to submit to Judge McKinney proposed Findings of Facts and

Recommendation for disposition under Title 18 U.S.C. §§3401(i) and  3583(e).  All proceedings

were held May 13, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

 Ms. Brightwell appeared in person with her appointed counsel, Juval Scott.  The government

appeared by Gayle Helart,  Assistant United States Attorney.   U. S. Parole and Probation appeared

by Chris Dougherty,  U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise
noted.  *See,* Title 18 U.S.C.  §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1.   Juval Scott, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Ms. Brightwell in regard to the pending Petition for Revocation of Supervised Release.

2.   A copy of the Petition for Revocation of Supervised Release was provided to Ms. Brightwell and her counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3.   Ms. Brightwell was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4.   Ms. Brightwell was advised she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.   Ms. Brightwell was advised she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6.   That if the preliminary hearing resulted in a finding of probable cause that Ms. Brightwell had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7. Ms. Scott stated that Ms. Brightwell would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition. Ms. Brightwell executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Ms. Brightwell, by counsel, stipulated that she committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not possess or use a computer or other related hardware or software during the time of supervised release, unless approved by the probation officer."** |
| | During a search of the offender's residence on December 17l 2010, an Apple iPad was located. This computer was in the offender's exclusive control as no other residents were living in the apartment. Information found on the computer indicates it as used by the offender for her personal and business matters. Additionally, the offender has access to several laptop computers at the office of La Azteca, a business incorporated by the offender, which she failed to disclose to the probation office. |
| 2 | **"The defendant shall not obtain employment with a position of fiduciary responsibility or have access to any personal identification information which could be used to conduct fraudulent activity."** |
| | The offender appears to be the president, CBO, and registered agent of multiple businesses that were not disclosed to the probation officer. La Azteca is a business listed by the Indiana Secretary of State as a for-profit corporation created on or about November 2, 2009, with Catrina Thompson listed as the CBO. Catrina Brightwell (aka Catrina Thompson) leased office space at 9465 Counselor's Row, Suite 200, Indianapolis, to run this business. She indicates she employs six people at this business, which is purported to provide various services such as filing paperwork for minority business |

certification, writing grant proposals for state funds, corporate bookkeeping, and preparation of documents of incorporation.

The Indiana Secretary of State lists additional businesses in which Catrina Brightwell has interest or involvement. Alliance Systems Corporation (Hopson Contracting Consulting Corporation) lists felon Terrence Hopson as president, and Catrina Brightwell is listed as registered agent and chief executive, with her current address at 7550 Bayview Club Drive listed as the corporate address. Hope Alliance Proactive Partner Encouragement Network (HAPPEN) is listed as a non-profit domestic corporation created on or about November 1, 2009, with the registered agent of Quarters Consulting, located at 973 N. Shadeland (a UPS mail box controlled by Catrina Brightwell), with Catrina Brightwell listed as president. Quarters Consulting Corporation was created on or about November 1, 2009, and lists Catrina Brightwell as president.

**3**  **"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer."**

During a search of the offender's residence on December 17, 2010, multiple credit and debit cards and bank account information were found for the defendant's various businesses. The bank statements for these cards indicate the offender has used them t purchase liquor, car washes, internet music, and numerous restaurant charges.

**4**  **"The defendant shall provide the probation officer access to any requested financial information."**

When confronted regarding the multiple businesses in which the offender has an interest, she admitted she receives monthly income of approximately $800-$1,000 per month, which she has failed to disclose on her monthly supervision reports. The offender failed to disclose any of the open bank accounts, income, or business interests on financial documents which she submitted to the probation office, purporting to provide full disclosure of her net worth and monthly income and expenses.

**5**  **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission by the probation officer."**

The offender has violated this condition numerous times since starting her term of supervision.  Ms. Brightwell has had extended contact with a convicted felony, admitting she was living with Terrence Hopson (DOB: 8-23-71) despite being directed by this probation officer to have no contact with him.  Mr. Hopson has a previous conviction for Dealing Cocaine.  Ms. Brightwell lied to the probation officer regarding her contact with Mr. Hopson and also failed to disclose his residency in her home for several months during 2010.  The offender has also entered into business arrangements with Mr. Hopson and continued contact with him, despite repeated directives from this officer.

On February 16, 2011, a police report was filed with the Indianapolis Metropolitan Police Department regarding a fraud case.  The report indicates that on December 15, 2010, Catrina Brightwell and Terrence Hopson entered the Max Experience Store located at 6609 E. 82nd Street, Indianapolis, and opened a credit account with the business, purchasing approximately $17,000 worth of computer equipment.  The store manager, Steve Sweeny, reported that Catrina Brightwell told him that the computer equipment was for her business, La Azteca.  According to Indianapolis Metropolitan Police Detective Dennis Slinkard, Terrence Hopson opened the account with information from a business called Hopson Contracting.  (Hopson Contracting is a business which lists Catrina Brightwell as the Chief Executive Officer.)  Hopson failed to comply with the terms of payment, and he later provided a check to the business which was written on a closed bank account.  On April 1, 2011, Det. Slinkard indicated his intent to file C-felony charges of Fraud on a Financial Institution against Hopson.  As of that date, Det. Slinkard stated he was aware of possible involvement by Catrina Brightwell in this offense, but he did not have enough information to criminally charge her.

6          **"The defendant shall refrain from any unlawful use of a controlled substance."**

7          **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

8          **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

On August 20, 2010, the offender submitted a urine screen which tested positive for cocaine. She admitted smoking a K-2 or "spice" cigarette laced with cocaine to produce this positive result. The offender has not submitted a urine screen which has tested positive for illegal drugs since that date.

9 **"The defendant shall pay any restitution that is imposed and that remains unpaid at the commencement of the term of supervised release."**

The offender has three open restitution accounts for three separate docket numbers, which total $191,241.25. The offender was ordered to pay $300 per month for restitution in September 2010, in accordance with her reported financial status. The offender is currently $750 behind in her monthly payments.

The Court placed Ms. Brightwell under oath and directly inquired of Ms. Brightwell whether she admitted violations of the specifications of her supervised release set forth above. Ms. Brightwell stated that she admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1) Ms. Brightwell has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Ms. Brightwell constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Ms. Brightwell is 12-18 months.

4) The parties did not agree on the appropriate disposition of the case.

9. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Catrina Brightwell, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and Catrina Brightwell is sentenced to the custody of the Attorney General or his designee for a period of two years, with no supervised release to follow.

The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Ms. Brightwell stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Ms. Brightwell entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Catrina Brightwell's supervised release.

IT IS SO RECOMMENDED this 18th day of May, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Gayle Helart,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Juval Scott,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


UNITED STATES OF AMERICA,    )
    )
        Plaintiff,    )
    )
    vs.    )    Cause No. 1:05-cr-0045  (M/F)
    )
CATRINA BRIGHTWELL,    )
    )
        Defendant.    )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered

by the Honorable Larry J. McKinney, Judge, on May 6, 2011, designating this Magistrate Judge to

conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed

with the Court on April 25, 2011, and to submit to Judge McKinney proposed Findings of Facts and

Recommendation for disposition under Title 18 U.S.C. §§3401(i) and  3583(e).  All proceedings

were held May 13, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

 Ms. Brightwell appeared in person with her appointed counsel, Juval Scott.  The government

appeared by Gayle Helart,  Assistant United States Attorney.   U. S. Parole and Probation appeared

by Chris Dougherty,  U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise
noted. *See,* Title 18 U.S.C.  §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1.   Juval Scott, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Ms. Brightwell in regard to the pending Petition for Revocation of Supervised Release.

2.   A copy of the Petition for Revocation of Supervised Release was provided to Ms. Brightwell and her counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3.   Ms. Brightwell was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4.   Ms. Brightwell was advised she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.   Ms. Brightwell was advised she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6.   That if the preliminary hearing resulted in a finding of probable cause that Ms. Brightwell had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7. Ms. Scott stated that Ms. Brightwell would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition. Ms. Brightwell executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Ms. Brightwell, by counsel, stipulated that she committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not possess or use a computer or other related hardware or software during the time of supervised release, unless approved by the probation officer."** |
| | During a search of the offender's residence on December 17l 2010, an Apple iPad was located. This computer was in the offender's exclusive control as no other residents were living in the apartment. Information found on the computer indicates it as used by the offender for her personal and business matters. Additionally, the offender has access to several laptop computers at the office of La Azteca, a business incorporated by the offender, which she failed to disclose to the probation office. |
| 2 | **"The defendant shall not obtain employment with a position of fiduciary responsibility or have access to any personal identification information which could be used to conduct fraudulent activity."** |
| | The offender appears to be the president, CBO, and registered agent of multiple businesses that were not disclosed to the probation officer. La Azteca is a business listed by the Indiana Secretary of State as a for-profit corporation created on or about November 2, 2009, with Catrina Thompson listed as the CBO. Catrina Brightwell (aka Catrina Thompson) leased office space at 9465 Counselor's Row, Suite 200, Indianapolis, to run this business. She indicates she employs six people at this business, which is purported to provide various services such as filing paperwork for minority business |

certification, writing grant proposals for state funds, corporate bookkeeping, and preparation of documents of incorporation.

The Indiana Secretary of State lists additional businesses in which Catrina Brightwell has interest or involvement. Alliance Systems Corporation (Hopson Contracting Consulting Corporation) lists felon Terrence Hopson as president, and Catrina Brightwell is listed as registered agent and chief executive, with her current address at 7550 Bayview Club Drive listed as the corporate address. Hope Alliance Proactive Partner Encouragement Network (HAPPEN) is listed as a non-profit domestic corporation created on or about November 1, 2009, with the registered agent of Quarters Consulting, located at 973 N. Shadeland (a UPS mail box controlled by Catrina Brightwell), with Catrina Brightwell listed as president. Quarters Consulting Corporation was created on or about November 1, 2009, and lists Catrina Brightwell as president.

**3**    **"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer."**

During a search of the offender's residence on December 17, 2010, multiple credit and debit cards and bank account information were found for the defendant's various businesses. The bank statements for these cards indicate the offender has used them t purchase liquor, car washes, internet music, and numerous restaurant charges.

**4**    **"The defendant shall provide the probation officer access to any requested financial information."**

When confronted regarding the multiple businesses in which the offender has an interest, she admitted she receives monthly income of approximately $800-$1,000 per month, which she has failed to disclose on her monthly supervision reports. The offender failed to disclose any of the open bank accounts, income, or business interests on financial documents which she submitted to the probation office, purporting to provide full disclosure of her net worth and monthly income and expenses.

**5**    **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission by the probation officer."**

The offender has violated this condition numerous times since starting her term of supervision. Ms. Brightwell has had extended contact with a convicted felony, admitting she was living with Terrence Hopson (DOB: 8-23-71) despite being directed by this probation officer to have no contact with him. Mr. Hopson has a previous conviction for Dealing Cocaine. Ms. Brightwell lied to the probation officer regarding her contact with Mr. Hopson and also failed to disclose his residency in her home for several months during 2010. The offender has also entered into business arrangements with Mr. Hopson and continued contact with him, despite repeated directives from this officer.

On February 16, 2011, a police report was filed with the Indianapolis Metropolitan Police Department regarding a fraud case. The report indicates that on December 15, 2010, Catrina Brightwell and Terrence Hopson entered the Max Experience Store located at 6609 E. 82nd Street, Indianapolis, and opened a credit account with the business, purchasing approximately $17,000 worth of computer equipment. The store manager, Steve Sweeny, reported that Catrina Brightwell told him that the computer equipment was for her business, La Azteca. According to Indianapolis Metropolitan Police Detective Dennis Slinkard, Terrence Hopson opened the account with information from a business called Hopson Contracting. (Hopson Contracting is a business which lists Catrina Brightwell as the Chief Executive Officer.) Hopson failed to comply with the terms of payment, and he later provided a check to the business which was written on a closed bank account. On April 1, 2011, Det. Slinkard indicated his intent to file C-felony charges of Fraud on a Financial Institution against Hopson. As of that date, Det. Slinkard stated he was aware of possible involvement by Catrina Brightwell in this offense, but he did not have enough information to criminally charge her.

**6**        **"The defendant shall refrain from any unlawful use of a controlled substance."**

**7**        **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

**8**        **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

On August 20, 2010, the offender submitted a urine screen which tested positive for cocaine. She admitted smoking a K-2 or "spice" cigarette laced with cocaine to produce this positive result. The offender has not submitted a urine screen which has tested positive for illegal drugs since that date.

9 **"The defendant shall pay any restitution that is imposed and that remains unpaid at the commencement of the term of supervised release."**

The offender has three open restitution accounts for three separate docket numbers, which total $191,241.25. The offender was ordered to pay $300 per month for restitution in September 2010, in accordance with her reported financial status. The offender is currently $750 behind in her monthly payments.

The Court placed Ms. Brightwell under oath and directly inquired of Ms. Brightwell whether she admitted violations of the specifications of her supervised release set forth above. Ms. Brightwell stated that she admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1) Ms. Brightwell has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Ms. Brightwell constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Ms. Brightwell is 12-18 months.

4) The parties did not agree on the appropriate disposition of the case.

9. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Catrina Brightwell, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and Catrina Brightwell is sentenced to the custody of the Attorney General or his designee for a period of two years, with no supervised release to follow.

The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Ms. Brightwell stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Ms. Brightwell entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above

recommendation revoking Catrina Brightwell's supervised release.

IT IS SO RECOMMENDED this 18th day of May, 2011.


_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana


Distribution:

Gayle Helart,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Juval Scott,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal